IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAMES DAVIS MORRISON<br><br>Plaintiff,<br><br>v.<br><br>BILL CLEMENTS UNIT, *et al.*,<br><br>Defendants. | 2:25-CV-166-Z-BR |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case under 28 U.S.C. Section 1915(e)(2)(B). ECF No. 8. An Objection to the FCR has been filed. ECF No. 9. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 8) is **ADOPTED** and this case is **DISMISSED with prejudice**.

LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and

recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

**ANALYSIS**

The magistrate filed her FCR on June 25, 2026. ECF No. 8. Plaintiff dated his Objection twenty-one days later, on July 16, 2026. ECF No. 9 at 8. The Court assumes the Objection was delivered to prison authorities on that date and gives Plaintiff the benefit of the "prison mailbox rule." *See Rasberry*, 993 F.2d at 515. Nonetheless, Plaintiff's Objection is untimely, as it was not filed within the applicable fourteen-day period set by the Federal Rules of Civil Procedure. FED. R. CIV. P. 72.[1] Accordingly, the Court reviews the Magistrate's FCR only for plain error. *Serrano*, 975 F.3d at 502.

Plaintiff first objects to the dismissal of his Eighth Amendment claim. The FCR recommends dismissal because Plaintiff failed to allege an injury that was more than *de minimis*. ECF No. 8 at 6–7. Plaintiff objects because "[t]he United States Supreme Court holds that the use of force against a prisoner may constitute cruel and unusual punishment even when the inmate does not suffer serious injury." ECF No. 9 at 1–2. To be sure, the lack of a "serious" injury is not fatal to an Eighth Amendment claim. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it."). But *de minimis* injuries, including abrasions, bruises, and bloody urine are still not actionable under the Eighth Amendment. *See Westfall v. Luna*, 903 F.3d 534, 549 (5th Cir. 2018). Therefore, the FCR did not plainly err by considering whether Plaintiff alleged more than *de minimis* injuries. And as the FCR noted, Plaintiff did not allege any injury, let alone one that is more than *de minimis*. *See generally*

[1] Plaintiff complains that he did not receive the FCR until July 8, 2026. ECF No. 9 at Cover. He does not explain why he waited an additional eight days to write his Objection on July 16, 2026. ECF No. 9 at 8. If he had written his Objection promptly after receiving it and given it to prison authorities, his Objection would have been timely. *See* FED. R. CIV. P. 72(b)(2).

ECF Nos. 3, 7. In his Objection, Plaintiff alleges "the chemical agent that was used against me is very terrible." ECF No. 9 at 3. Even if the Court considers this late-filed Objection as part of Plaintiff's pleading, this does not amount to an injury that is more than *de minimis*. *See Westfall*, 903 F.3d at 549 (abrasions, bruises, and bloody urine are *de minimis* injuries). Plaintiff's first Objection is **OVERRULED**.

Plaintiff next objects to the dismissal of his property deprivation claim. The FCR recommends dismissal under the *Parratt/Hudson* doctrine. ECF No. 8 at 4–6. The *Parratt/Hudson* doctrine provides that a state employee's "random, unauthorized conduct" which deprives a prisoner of his property does not give rise to a Section 1983 claim if the State provides an adequate post-deprivation remedy. *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004). Here, Plaintiff alleges the officers depriving him of his property were not acting within their authority—in other words, their conduct was "random" and "unauthorized." *See* ECF No. 7 at 7–10. And Texas allows prisoners to raise ordinary tort claims or administrative remedies for lost or damaged property. *See* ECF No. 8 at 5. Thus, the FCR did not plainly err by concluding the alleged facts do not give rise to a Section 1983 claim. Plaintiff's Objection does not address the application of the *Parratt/Hudson* doctrine, or otherwise engage with the FCR. *See* ECF No. 9 at 4–8 (merely summarizing the allegations). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections and do not indicate that the Magistrate's FCR demonstrates plain error, Plaintiff's second Objection is **OVERRULED**.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 8) is **ADOPTED** and this case is **DISMISSED with prejudice**.

**SO ORDERED.**

August 7, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE